CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
09/20/2018
JULIA C. DUDLEY, CLERK
BY: s/ F. COLEMAN
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| LISA T., <br>            *Plaintiff*, <br><br> v. <br><br> CAROLYN COLVIN, Acting Commissioner of Social Security, <br><br>            *Defendant*. | CASE NO. 6:17-cv-00039 <br><br> MEMORANDUM OPINION <br><br> JUDGE NORMAN K. MOON |

  This matter is before the Court on the parties' cross motions for summary judgment (dkts. 11, 14), the Report and Recommendation of United States Magistrate Judge Robert S. Ballou (dkt. 19, hereinafter "R&R"), and Plaintiff Lisa T.'s objections to the R&R (dkt. 20). Pursuant to Standing Order 2011-17 and 28 U.S.C. § 636(b)(1)(B), the Court referred this matter to Judge Ballou for proposed findings of fact and a recommended disposition. Judge Ballou filed his R&R, advising this Court to deny Lisa's motion and grant the Commissioner's motion. Lisa timely filed her Objections, obligating the Court to undertake a *de novo* review of those portions of the R&R to which objections were made. *See* 28 U.S.C. § 636(b)(1)(B); *Farmer v. McBride*, 177 F. App'x 327, 330 (4th Cir. 2006). Because the objections lack merit, I will adopt Judge Ballou's R&R in full.

### STANDARD OF REVIEW

  A reviewing court must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Bird v. Comm'r of SSA,* 669 F.3d 337, 340 (4th Cir. 2012). Substantial evidence requires more than a mere scintilla, but less than a preponderance, of

1

evidence. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001). A finding is supported by substantial evidence if it is based on "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Where "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. *Id*.

A reviewing court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the ALJ. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citation omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." *Id*. (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)). "Ultimately, it is the duty of the [ALJ] reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Thus, even if the court would have made contrary determinations of fact, it must nonetheless uphold the ALJ's decision, so long as it is supported by substantial evidence. *See Whiten v. Finch*, 437 F.2d 73, 74 (4th Cir. 1971).

## ANALYSIS

Because Plaintiff does not object to the R&R's recitation of the factual background and claim history in this case, I incorporate that portion of the R&R into this opinion. (*See* R&R at 2–3). By way of summary, Lisa applied for (and was denied) disability insurance benefits under the Social Security Act based on severe impairments, medical conditions, and post-surgery difficulties with her right foot. (R&R at 3 (citing, *e.g.*, R23)).[1] The ALJ concluded that Lisa

---

[1] The Court cites to the administrative record with "R" followed by the page number.

nonetheless could perform jobs that exist in the national economy and thus found her not disabled. (R&R at 3 (citing R36)).

I.  **Weight Given to Opinions by Physicians**

Lisa first objects that Judge Ballou "gave too much weight to the opinions of the [non-treating] state agency physicians." (Dkt. 20 at 1–2). Setting aside the failure to recognize that it is the ALJ who weighs the evidence—the magistrate judge simply reviews the ALJ's conclusion for legal error and under the substantial evidence standard—the objection lacks merit. Lisa attacks the credibility and expertise of the state physicians, criticizing their credentials and attaching various documents as evidence to support her attack. (Dkt. 20 at 1–2; dkt. 20-1; dkt. 20-2). That is improper at this stage of the litigation. The time for submitting evidence, challenging experts' credentials, and the like was before the ALJ, not during this Court's review of the magistrate judge's review of the ALJ. At this point, the Court's task is to decide whether the ALJ's conclusions were supported by substantial evidence, not adjudication of the facts from scratch. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Furthermore, the objections do not engage with, or even cite, the R&R's analysis or the reasoning provided by the ALJ. (*See* R&R at 6–12; R33–35). The Court thus finds the objections insufficiently presented, *see United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007), and, in any event, the Court would affirm the ALJ's decision as supported by substantial evidence for essentially the same reasons provided in the R&R. (R&R at 13–15).

The flip side of Lisa's challenge to the findings about the state physicians is her challenge to the ALJ's devaluation of opinions from Dr. Konieczny, her treating neurologist. (Dkt. 20 at 2). Although this objection is specifically stated and therefore properly lodged, it similarly asks the Court to recalibrate the ALJ's findings. The ALJ acknowledged Dr. Konieczny's opinions

and noted his exam revealed some walking and lower extremity limitation. (R34–35). But the ALJ also found the doctor had examined Lisa only once, his proposed limitations were "very general," and he observed "normal" functions upon examination. (*Id.*). For those reasons, and after recounting Lisa's medical history (R24–30), the ALJ discounted Dr. Konieczny's opinion. While the Court might not have reached the same conclusion in the first instance, it is not a district judge's role to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the ALJ. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Rather, the inquiry is whether the ALJ adequately explained its decision and whether that decision was supported by substantial evidence. It was. A reasonable mind could accept the ALJ's rationale and evidence as adequate to support his conclusions. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005).

## II. Medical Evidence of Manipulative Limitations

In summary judgment briefing, Lisa argued that the ALJ erred "by failing to consider . . . any of [her] impairment [sic] to her hands," contrary to Dr. Konieczny's notes from his January 26, 2016 visit with Lisa. (Dkt. 12 at 13; *see* R501–05). Dr. Zelen, Lisa further observed, also noted—albeit in summary, check-the-box fashion—that Lisa had fine and simple manipulation limitations. (Dkt. 12 at 14 (citing R456)). Judge Ballou acknowledged this argument and cited the evidence on which Lisa relied. But he noted Lisa pointed to no objective medical evidence indicating she suffered from hand impairments, and explained that the ALJ gave little weight to the two doctors' opinions for lack of objective evidence. (R&R at 16; *see* R34–35).

At bottom, this objection reduces back down to Lisa's challenge regarding the weight given by the ALJ to the experts. The ALJ gave little weight to their opinions, and the Court has found that decision supported by substantial evidence. The instant objection, then, is simply a

narrower line of attack subsumed within a broader, overruled objection. Even setting that point aside, the objection fails. Lisa still has not identified objective medical evidence of manipulative limitations; she instead relies on a string of inferences based on her *foot* injury. The foot injury was caused, she says, by her diabetic neuropathy—a condition she then implies caused her manipulative limitations. But the point still stands: She had not identified objective medical evidence (as opposed to brief statements from her physicians that the ALJ discounted) that she has manipulative limitations, much less than her diabetic neuropathy caused them. In sum, this objection will be overruled.

## III. Disability Dates

Lisa objects to the supposed "fail[ure] to consider" whether she was disabled between September 19, 2012 and December 2014 under the requisite five-step analytical process for determining disability. 20 C.F.R. § 404.1520. As an initial matter, Lisa again faults *Judge Ballou* for failing to consider the relevant steps. (Dkt. 20 at 4 (referring to magistrate judge's "finding that the evidence did not show that she met a listing")). But as pointed out earlier, the proper objections at this juncture are to Judge Ballou's *review* of the *ALJ*. Judge Ballou (or this Court) does not make "finding[s]" from the record, the ALJ does. All the magistrate judge and this Court do is review those findings. In any event, the ALJ's rationale was adequately explained and supported by substantial evidence. (R24, 32; R&R at 18–19).[2]

---

[2] In passing at the conclusion of her objections, Lisa makes a blunderbuss reference to "each of the arguments made in her opening memorandum and urges the Court to consider fully the arguments made in that memorandum." (Dkt. 20 at 5). This is an improper general objection that, if acted upon, would defeat one of the central purposes of magistrate judge review—judicial efficiency. As the Fourth Circuit has repeatedly explained, a party objecting is obliged to make specific objections that reasonably alert the district court to the ground for the objection, and the failure to do so is tantamount to making no objection at all. *King v. Rubenstein*, 825 F.3d 206, 223 (4th Cir. 2016); *United States v. Benton*, 523 F.3d 424, 428 (4th Cir. 2008); *Tyler v. Wates*, 84 F. App'x 289, 290 (4th Cir. 2003).

5

## CONCLUSION

After undertaking a *de novo* review of those portions of the R&R to which Lisa objected, I find that substantial evidence supports the ALJ's conclusions. Accordingly, I will enter an order overruling her objections (dkt. 20), adopting the R&R in full (dkt. 19), granting the Lisa's Motion for Summary Judgment (dkt. 14), denying Plaintiff's Motion for Summary Judgment (dkt. 11), and dismissing and striking this action from the active docket of the Court.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record, and to United States Magistrate Judge Robert S. Ballou.

Entered this 20th day of September, 2018.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE